UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO PEAY,

        Plaintiff,

v.

        Case Number 21-12305
        Honorable David M. Lawson

GLEN PAGE, DON W. ATKINS,
JOHN D. O'HAIR, BARRY B. SIEGEL,
PAUL SINUTKO, CURTIS SMITH,
ROB STEVENS, KYM WORTHY,
KATHERINE KAKISH, and DANA NESSEL,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT
AND DENYING MOTION FOR SUBPOENA DUCES TECUM**

Plaintiff Orlando Peay, a Michigan prisoner, has filed his second lawsuit under 42 U.S.C. § 1983 challenging his 2000 murder and firearm conviction. He filed a similar case ten years ago that was dismissed summarily. *See Peay v. Page*, No. 2:11-CV-12234, 2011 WL 2518892 (E.D. Mich. June 23, 2011). In this case, Peay has sued current and former members of the Wayne County, Michigan prosecutor's office and the current state attorney general. His complaint questions the validity of his convictions on a number of grounds. Peay also has filed a motion asking the Court to issue subpoenas. The complaint does not state a cognizable claim and it must be dismissed. The motion likewise will be denied.

I.

In his complaint, Peay alleges that various defendants violated his constitutional rights by not conducting a proper investigation into the murder charges, obtaining warrants without probable

1

cause, withholding exculpatory evidence, using perjured testimony against him, filing an improper appeal, and committing fraud on the court. He asks this Court to order an evidentiary hearing to examine the irregularities of the events leading to his convictions and, presumably, to overturn them.

II.

The Prison Litigation Reform Act (PLRA) requires the Court to examine a prisoner's complaint when it is filed and to dismiss it before service on a defendant if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The same screening is required when the complaint seeks redress against government entities, officers, and employees. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the

defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

Peay invokes 42 U.S.C. § 1983 as the basis of his lawsuit. To state a claim under that statute, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

The thrust of the plaintiff's complaint in this case is that his convictions were obtained unlawfully for a variety of reasons. However, those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that when a plaintiff brings a civil rights action under section 1983 that "challenges the fact or duration of his confinement and seeks immediate or speedier release," the case must be viewed as a habeas corpus action and state remedies must be exhausted. *Id.* at 481 (citing *Preiser v. Rodriguez,* 411 U.S. 475 (1973)). Therefore, the Court held, if a plaintiff's section 1983 action "would necessarily imply the

3

invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by executive order, reversal on direct appeal, or writ of habeas corpus. *Id.* at 487. Peay has not alleged that his convictions have been vacated or overturned. To the contrary, he continues to allege that he is detained illegally.

The line of cases that follow *Heck*, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If the plaintiff were to prevail in this action, his continued confinement in prison would be called into question. Consequently, his civil rights complaint is barred by *Heck* and must be dismissed.

### III.

The plaintiff fails to state a claim in his complaint upon which relief may be granted. The PLRA, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), therefore requires the Court to dismiss the case summarily.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the motion for issuance of subpoenas (ECF No. 4) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   October 20, 2021